**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAISHAWN LAVON MILLER,

                                        Plaintiff,                                   5:23-cv-1051 (BKS/ML)

v.

DAVID PRIMO, SARAH G. MERRICK,
PATRICIA DERUE, JEFFREY ALAN
DOMACHOWSKI, and KELLY MURPHY,

                                        Defendants.

**Appearances:**

*Plaintiff pro se*
Daishawn Lavon Miller
Syracuse, NY 13206

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Daishawn Lavon Miller commenced this proceeding pro se under 42 U.S.C. §

1983, alleging numerous federal and constitutional violations that appear to stem from child

support proceedings. (Dkt. No. 1). Plaintiff also sought leave to proceed *in forma pauperis*

("IFP"). (Dkt. Nos. 2, 7). Approximately one month after commencing this action, Plaintiff filed

an Amended Complaint. (Dkt. No. 6). This matter was referred to United States Magistrate Judge

Miroslav Lovric who, on September 29, 2023, granted Plaintiff's application to proceed IFP and

issued a Report-Recommendation, recommending that Plaintiff's Amended Complaint be

dismissed without prejudice and that leave to amend be granted in part and denied in part. (Dkt.

No. 8). Plaintiff was informed that he had fourteen days within which to file written objections to

the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that failure to object to the

Report-Recommendation within fourteen days would preclude appellate review. (*Id.* at 10).

Plaintiff filed objections to the Report-Recommendation on October 10, 2023.[1] (Dkt. No.

9). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II.   STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.

Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [report-recommendation] that the

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.

Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven

a pro se party's objections to a Report and Recommendation must be specific and clearly aimed

at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320,

2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

omitted). Findings and recommendations as to which there was no properly preserved objection

are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses,

argued in an attempt to engage the district court in a rehashing of the same arguments" in the

---

[1] Plaintiff filed three documents in addition to his objections. On October 15, 2023, Plaintiff filed a "Legal Notice and Demand Fiat Justitia, Ruat Coelum." (Dkt. No. 10). On November 7, 2023, Plaintiff filed a document captioned "prayer to the court under the grace of God for abatement, damages, setoff, and redemption." (Dkt. No. 12). It is unclear what relief, if any, Plaintiff seeks through these documents. Accordingly, they are stricken from the docket. On October 25, 2023, Plaintiff filed a document titled "Support for Summary Judgment." (Dkt. No. 11). To the extent Plaintiff intends this document to be a motion for summary judgment under Federal Rule of Civil Procedure 56, it is premature, and is, in any event, denied as moot in light of the dismissal of the Amended Complaint.

original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## III.   REPORT-RECOMMENDATION

At the outset, Magistrate Judge Lovric noted that the Amended Complaint was "difficult to decipher" and did not provide "sufficient factual information" regarding the claims Plaintiff sought to assert against Defendants. (Dkt. No. 8, at 2). However, as best as Magistrate Judge Lovric could discern, the Amended Complaint appeared to "allege that Defendants refuse to terminate Plaintiff's child support obligation," and appeared to seek termination of the child support order, reimbursement, and damages for amounts garnished from his wages. (*Id.* at 2 (citing Dkt. No. 6, at 7)).

Magistrate Judge Lovric recommended dismissal on three grounds. First, Magistrate Judge Lovric found that the Amended Complaint was "largely incomprehensible," failed to "provide fair notice of the claims [Plaintiff] attempt[ed] to assert," and thus was "not acceptable under Rules 8 and 10 of the Fed. R. Civ. P.," noting that "Plaintiff's Section 1983 claims against Defendants are entirely unclear." (*Id.* at 7).

Second, in the alternative, Magistrate Judge Lovric found that the Amended Complaint failed to allege the personal involvement of any Defendant, a necessary element of a § 1983 claim, *see Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))), and recommended that the Amended Complaint be dismissed for failure "to state a claim upon which relief may be granted," (Dkt. No. 8, at 7–8). As Magistrate Judge Lovric explained:

> [T]he Amended Complaint includes the following allegations
> related to actions taken by Defendants, in full:
>
> > David Primo, Jeffrey Alan Domachowski, Sarah Merrick,
> > and Patricia DeRue are all in breach of trust for refusing
> > appointment by me to settle the account and terminate the
> > unconditional bill of attainer they are refusing due to the
> > cooperative arrangement they have in order to provide Title
> > IV-D services. The form is child support and the substance
> > is securities because child support is not in the best interest
> > of the child or mother it's in the states [sic] best interest.
>
> These allegations fail to allege the personal involvement of any of
> Defendants in a violation of Plaintiff's rights.

(*Id.* at 8 (quoting Dkt. No. 6, at 4)).

Third, Magistrate Judge Lovric found dismissal warranted as to Defendants Primo, Merrick, Domachowski, and DeRue, on grounds of immunity. (*Id.*). Specifically, Magistrate Judge Lovric noted that according to the Amended Complaint Defendant Primo was the Chief Clerk of Onondaga County Family Court, and entitled to quasi-judicial immunity, and, to the extent Plaintiff sued Defendant Primo in his official capacity as "an arm of the New York state court system," he was "immune from suit pursuant to the Eleventh Amendment." (*Id.* at 9–10). Magistrate Judge Lovric found that to the extent Plaintiff sued Defendant Merrick, as the Commissioner of Social Services-Economic Security, in connection with her enforcement of Plaintiff's child support obligations, Defendant Merrick was entitled to qualified immunity. (*Id.* at 10–11). Magistrate Judge Lovric further found that, as support magistrate judges, Defendants DeRue and Domachowski were entitled to judicial immunity, and, to the extent Plaintiff sued these Defendants in their official capacities, any such claims were barred by the Eleventh Amendment. (*Id.* at 11–13).

In addition, Magistrate Judge Lovric noted that the claims in the Amended Complaint were "likely barred" by the *Rooker-Feldman* doctrine, the domestic relations exception to federal

court jurisdiction, and that "[i]n the event that Plaintiff's underlying state family court proceeding remains pending," the *Younger* doctrine may be implicated. (*Id.* at 7 n.5). However, Magistrate Judge Lovric did not recommend dismissal under these doctrines.

## IV.    OBJECTIONS

Although Plaintiff asserts a number of objections, only the following appear to concern the findings in the Report-Recommendation. Plaintiff asserts that: (1) "there is not [sic] basis for government involvement as I have lost the ability to shape decisions affecting my offspring and there has been no record or harm, proof of neglect, or abandonment," (Dkt. No. 9, at 1); (2) the "*Rooker-Feldman* Doctrine is not plausible because the enforcement brings about constitutional violations," (*id.* at 2); (3) immunity is inapplicable "due to the hierarchy of law, whenever there is a conflict with between the different levels of law, for example Federal and State, Federal prevails see supremacy clause, the parties involved are mixing public with private," (*id.*); (4) "the parties involved" have failed to "take notice of" the change in Plaintiff's "circumstances they are all now aiding and abetting and colluding and conspiring to trespass on my estates, in breach of trust" and in "violation of Bill of Rights . . . rights to privacy/religion," (*id.* at 3); and (5) the "parties involved are engaging in securities fraud" and have "refused [Plaintiff's] tender by special deposit . . . to settle account on behalf of the principal and close account," (*id.*). Finally, Plaintiff asserts that he is "a private citizen (citizen of Heaven) non US Citizen" and is "not a enemy nor a friend of an enemy to the United States." (*Id.*).

Other than Plaintiff's challenge to Magistrate Judge Lovric's immunity-based recommendation and footnote on the *Rooker-Feldman* doctrine, none of Plaintiff's objections are aimed at a particular aspect of the Report-Recommendation. Plaintiff's objection to Magistrate Judge Lovric's conclusions regarding immunity stems from Plaintiff's claim that he is not "a statutory citizen" and "the court in which [his] complaint stems from is not judicial in nature

(child support) because judicial decisions are not being made in a quasi-judicial setting." (*Id.* at

2). Courts regularly reject as frivolous claims by litigants asserting they are not subject to state or

federal authority. *See*, *e.g.*, *Robinson v. Fischer*, No. 9:13-cv-1545, 2014 WL 1289611, at *5,

2014 U.S. Dist. LEXIS 44644, at *16 (N.D.N.Y. Mar. 31, 2014) (dismissing the sovereign

citizen claims as frivolous and for failure to state a claim when reviewing a pro se complaint).

And although there is authority for the proposition that an official acting outside the scope of his

or her authority may not be entitled to immunity, *see*, *e.g.*, *Levine v. Lawrence*, No. 03-cv-1694,

2005 WL 1412143, at *9, 2005 U.S. Dist. LEXIS 11663, at *29 (E.D.N.Y. June 15, 2005)

("[M]ost courts seem to agree that absolute quasi-judicial immunity should not extend to court

officers enforcing judicial orders if . . . the court officer exceeds the scope of that order . . . or

enforces it in an improper manner."), even construed liberally, there are no allegations in the

Amended Complaint that suggest any Defendant was acting outside the scope of his or her

authority. Thus, Plaintiff's objection regarding immunity is without merit.

Plaintiff's objection to the application of the *Rooker-Feldman* doctrine is also unavailing

because even if Plaintiff is correct that it is inapplicable, Magistrate Judge Lovric did not

recommend dismissal on the basis the *Rooker-Feldman* doctrine. In this case, Magistrate Judge

Lovric did no more than reasonably note that such a doctrine might be applicable where, as here,

state court proceedings appear to be implicated. (Dkt. No. 8, at 7 n.5). Thus, Plaintiff's objection

is without merit.

As discussed, none of Plaintiff's other objections concerns any particular aspect of the

Report-Recommendation. Accordingly, the Court reviews the remainder of the Report-

Recommendation for clear error, and having found none, adopts the Report-Recommendation in

its entirety.

V.      **CONCLUSION**

For these reasons, it is

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 8) is

**ADOPTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED** in its

entirety pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT**

**PREJUDICE AND WITH LEAVE TO AMEND** as against Defendants Merrick and Murphy

in their individual and official capacities; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT**

**PREJUDICE AND WITHOUT LEAVE TO AMEND** as to Defendants Primo, DeRue, and

Domachowski in their individual and official capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B);

and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to

Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely amended complaint, the

Clerk is directed to close this case; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the

date of this Order. Any amended complaint must be a complete pleading which will replace the

current complaint in total; and it is further

**ORDERED** that Plaintiff's "Notice" (Dkt. No. 10) and his submission filed on

November 7, 2023 (Dkt. No. 12) are **stricken from the docket** and that Plaintiff's document

titled "Support for Summary Judgment" (Dkt. No. 11) is **DENIED as moot**; and it is further

ORDERED that the Clerk serve a copy of this Order on Plaintiff in accordance with the

Local Rules.

**IT IS SO ORDERED.**


Dated: <u>November 14, 2023</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge